## Commonwealth v. Loughhead, Appellant.

*Criminal law—Voluntary manslaughter—Constable—Shooting an escaping prisoner.*

Where a prisoner after actual capture and custody under a warrant for a misdemeanor, attempts to escape, the constable having him in charge is not justified in shooting at and killing him. If the officer does so, he may be convicted of voluntary manslaughter.

Argued May 13, 1907. Appeal, No. 85, Jan. T., 1907, by defendant, from judgment of O. & T. Clearfield Co., Dec. T., 1906, No. 30, on verdict of guilty of manslaughter in the case of Commonwealth v. D. P. Loughhead. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Indictment for murder.   Before SMITH, P. J.

At the trial it appeared that the defendant after having arrested Lotsy Cardohely on an indictment charging assault, shot and killed the prisoner while the latter was attempting to escape.

The court charged in part as follows :

[Now as we have already said, and as so clearly appears in the learned opinion of Justice ORLADY in the above extract, the right of an officer to use a weapon, except in self-defense, depends on whether the warrant authorizing the officer to act at all charges a felony or a misdemeanor; if a felony, and the person sought to be arrested flees, and refuses to stop when called on to do so by the officer, the officer can shoot, even to kill, to prevent escape if he cannot otherwise secure his prisoner.   Even this right, as you will notice, grows out of necessity of the case.   But if misdemeanor only is charged, the officer has no such right.] [1]

Verdict of guilty of voluntary manslaughter, upon which the court sentenced the prisoner to pay a fine of $50.00 and undergo imprisonment in the penitentiary for one year and six months.

*Error assigned* was portion of charge as above, quoting it.

*Singleton Bell*, with him *S. V. Wilson* and *Howard B. Hartswick*, for appellant.

*J. A. Gleason*, with him *J. H. Kelley*, district attorney, and *W. H. Patterson*, for appellee.

PER CURIAM, May 27, 1907 :

This appeal is from a conviction of voluntary manslaughter. The appellant was a constable and was deputized by another constable to assist him in arresting a number of persons who were charged in the warrant with assault and battery, disorderly conduct and malicious destruction of property.   After one of the persons named in the warrant had been taken into custody, he broke away from the officers and, while running to effect his escape, he was shot and killed by the appellant.

The instruction to the jury on the main point of the defense was that where a misdemeanor has been committed and is charged in the warrant, flight from an officer even after actual capture and custody, there having been no conviction, will not justify the use of a deadly weapon.

This was a correct statement of the law. The rule is otherwise when felony has been charged or has been committed in the presence of the officer. While in the case of a misdemeanor an officer is never required to retreat and may meet force with force, he cannot justifiably take the life of a person who is fleeing from arrest or of one who has been arrested and has escaped from custody and is fleeing from him: 2 Bishop's New Criminal Law, sec. 650; Kerr on Homicide, 11. In Wharton on Homicide, 3d ed., 1907, p. 741, it is said: "An officer has no right to shoot a person who is merely running away from him without committing any violence, when under arrest or to avoid arrest for a misdemeanor. He must at least stop short of force which will result in the sacrifice of human life; and a killing in such a case is manslaughter at least."

We find no merit in any of the assignments of error. The judgment is affirmed.